UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>YONG WANG,<br><br>                    Defendant. | **ORDER**<br><br>11 Cr. 730 (PGG)<br>23 Civ. 9666 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

On May 10, 2013, Petitioner Yong Wang pled guilty to Count One of (S1) Indictment, 11 Cr. 730, which charged him with advertising child pornography in violation of 18 U.S.C. §§ 2251(d)(1), 2251(d)(2).  (See Plea Tr. (Dkt. No. 62) at 21:17-19; (S1) Indictment (Dkt. No. 55) at 1-2)[1]

On April 24, 2014, this Court sentenced Wang to 210 months' imprisonment. (Sentencing Tr. (Dkt. No. 78) at 28:16-33:2; Judgment (Dkt. No. 76) at 2-5)  Wang is now incarcerated at the Federal Correctional Institution, Big Spring in Texas.  (Mot. (Dkt. No. 105) at 7)

On November 2, 2023, Wang moved for relief from his conviction pursuant to 28 U.S.C. § 2255, claiming that, inter alia, his former lawyer provided ineffective assistance by "misrepresent[ing] . . . the immigration consequences of his guilty plea."  (Mot. (Dkt. No. 105) at 4)

In a November 13, 2023 order, this Court informed Wang that

> the Government, after reviewing the motion papers, has concluded that the testimony of [Wang's] former trial counsel [at the time of his plea], Todd

---

[1] All docket numbers refer to the 11 Cr. 730 docket.  The page numbers referenced in this order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

> Greenberg . . . will be needed in order to allow the Government to respond to the motion. . . .
>
> By making the motion [premised on ineffective assistance of counsel, Wang] has waived the attorney-client privilege. . . .
>
> [T]he Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit [Wang's prior c]ounsel from disclosing confidential information relating to [Wang] . . . . [S]ee, e.g., ABA Standing Comm. On Ethics and Prof. Responsibility Formal Op. 10-456 (June 14, 2010), Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim.

(November 13, 2023 Order (Dkt. No. 107) at 2)

Accordingly, in the November 13, 2023 order, this Court directed Wang to "execute and return to this [C]ourt within 45 days from today's date the accompanying 'Attorney-Client Privilege Waiver (Informed Consent)' form." (Id. at 2) This Court warned Wang that if the executed attorney-client privilege form "is not received by th[is C]ourt within 45 days from today's date, th[is C]ourt will deny the § 2255 motion, on the ground that the movant failed to authorize the disclosure of information needed to permit the Government to respond to the motion." (Id. at 2)

On November 14, 2023, the Clerk of Court mailed this Court's November 13, 2023 order to Wang at the address provided in his motion. (November 14, 2023 Minute Entry (Docket Report 11 Crim. 730))

As of today – 63 days after this Court's November 13, 2023 order – Wang has not returned an executed attorney-client privilege waiver form, nor has he sought an extension of time to return the form.

## **CONCLUSION**

For the reasons stated above, Wang's motion to vacate his sentence is denied. The Clerk of Court is directed to terminate the motions pending in 11 Cr. 730 (Dkt. Nos. 105, 106) and to close the corresponding civil case in 23 Civ. 9666.

Dated: New York, New York
       January 10, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge